Lipscomb. J.
The proceedings before the justice of the peace sought to he enjoined by this suit were under the 17th section of the land law of December, 1887. The jurisdiction given by that section is special and limited to the particular cases, but to be exercised summarily, and the judgment is final and conclusive, without the right to appeal to any other tribunal. (Field v. Anderson, 1 Tex. R., 437, and subsequent eases.) Nor is the denial of a right to appeal any just ground of complaint, because neither party has any intrinsic title to the thing in dispute founded on a valuable consideration. Both hold their certificates as the recipients of the bounty of the State, and take it in the modes the dispenser thinks proper to prescribe. The justice and his six jurors decide which of the parties shall receive the field-notes claimed by virtue of the two certificates so located. Their inquiry is limited. Neither of the claimants can set up any intrinsic merit to the right of location; only whichever party shall be found on the trial to have the best right to the location is adjudged to be entitled to the field-notes of the survey.
We have in former cases decided and settled the conclusive character of a judgment of this special jurisdiction; but we have never precisely defined what cases would or would not come properly under its cognizance. It is necessary that this, to some extent at least, should be done now. For convenience, I will here recite so much of the 17th section of the land law as is supposed to be material to the decision of the particular question under consideration. It is in the following words: “In all other cases, or in case there be more occupants than one, the conflicting claims shall be summarily tried by the nearest justice of the peace and six disinterested jurors summoned for that purpose. And upon their decision the surveyor shall grant to the successful party the field-notes of the tract of land, giving in all cases the preference to the oldest occupant and settler.” It seems to be the obvious meaning of this clause in the section that it is to be confined in its operation to cases of conflict before the field-notes have been delivered to either party; and it is for the information of the surveyor. If he has already delivered the field-notes, the case has gone beyond his reach. This seems to be too clear to admit of a doubt, when the latter part of the clause is considered, directing what shall be done upon decision being made by the justice of the peace and six jurors that the surveyor shall deliver the field-notes to the successful party. It can only apply to a case where the field-notes had not been delivered, as has been before remarked. The justice has no power require such field-notes to be revoked. If they have been wrongfully delivered to a party not entitled by law to receive them, to the prejudice of the rights of another, the remedy, if any, must be sought in another tribunal.
In the case under consideration it appears that the plaintiff’s whole case rests upon the fact whether he had received the field-notes from an authorized surveyor prior to the institution of the proceedings before the justice of the peace for the trial of the right to the location and field-notes. If it were so, the justice and his six jurors had no jurisdiction. If he had not received the field-notes, the controversy was a proper subject for the jurisdiction of that special tribunal in a summary way, and its decision would not be subject to 'revision. Such being the law, it will remain to apply its deductions to the facts as presented by the record, to determine whether there is error in the judgment. It will be recollected that the ease went off on the defendant’s demurrer to the plaintiff’s petition. This is the construction we must *188 give to the decree of the court below, although it is not so expressed. The’ plaintiff had made a motion to perpetuate the injunction. This the court overruled, and proceeded to dissolve it, and to dismiss the cause from the docket at the costs of the plaintiff. This was, in effect, sustaining the defendant’s' demurrer; and the question arises whether the petition alleged sufficient matter that, if true, entitled the plaintiff to a judgment and decree in his favor, according to tlie principles of law. The demurrer admits all the allegations to bo true, but claims that they are not sufficient in law to sustain the suit. And I take it that there is a sound distinction between the rule of construction of the matters alleged in the petition, when we are called upon to adjudicate their sufficiency on a general demurrer, and when deciding on a special exception. Whore; on the first, the allegations are to receive ¡1 liberal construction, and if they' substantially show a good cause of action, the judgment should be against the demurrer; and the demurrer can only be sustained for want of such substantial showing of a cause of action when á liberal construction is so applied to them. Iu case of a special exception, showing a want of form or that the allegations are not sufficiently special and circumstantial, a more rigid rule would be applied, because the result would only be to compel the plaintiff to amend these defects.
In the case now under consideration the petition is justly subject to objection-iu many respects. It is exceedingly carelessly drawn, and the points intended to be presented awkwardly expressed. The same remarks apply equally to the whole proceedings on the part of the defendant as well as of the plaintiff. We are, however, aware of the existence of circumstances entitling counsel to much indulgence. In our new counties, on their first organization, there is a want of almost everything essential to a careful examination and preparation of a cause for trial. These disadvantages, it is-hoped, are only temporary, and1 an improvement in the sent np will he confidently expected. The petition- substantially alleges that plaintiff had the land surveyed for him and the field-notes mhdt1 out ou tlie 28th June, 18-12. He does not, it istrne, state that at that time-nor indeed at what time they were delivered to him by the authorized surveyor. He makes an exhibit of copies of- the- field-notes, hut these copies are not dated; It would have been a bolter averment had he stated that they were delivered to him, and the time when. And had special exceptions been -taken, be no doubt would have been required to amend. I am not, however, prepared to say that tírese facts could not be inferred from the averments as made; and .if they could, such inference should be drawn after verdict, and-, as I believe, when fried on general demurrer. Defective as the allegations are, I am inclined to the opinion that the. plaintiff could have supplied these defects by proof on the (rial. Suppose, for instance, he bad been permitted to go to the' jury, and lie had proved by the production of the original field-notes that they were really and truly dated at the time alleged in the petition, and that iu this there was a variance between the exhibit and the original: could not the original have been received in evidence without violating-the rule of evidence that the probata aiid allegata must correspond? It seems to me that they could. Again, the allegation that the survey was made and the field-notes prepared and examined and approved for the plaintiff, under his headlight, certificate, at a period near five years anterior to the defendant’s lile, would raise a presumption that they were in his possession by delivery from the, surveyor. And further, suppose that the field-notes hail actually been made out and bis certificate filed in the surveyor’s office, and that the surveyor bad delivered them to him — this surveyor being the authorized surveyor — hut that by his negligence they bore no daté : it seems to me that the plaintiff ought not to suffer by this negligent omission on the part of the surveyor, but that he ought to be. allowed to supply Hie date, by evidence aliunde. These, deductions all appear to me to be fairly drawn from the allegations in the petition. And such conclusions would show (hat there was error in sustaining- the demurrer. The case ought to have gone, to the jury on the issue formed by the answer in denying- the allegations contained in the petition. *189 And if the plaintiff had failed to sustain them by proof, then, on the finding such facts against him, the injunction ought to have been dissolved and the cause dismissed ; because, if he failed to show that the field-notes of the surveys under his certificate filed had been delivered to him before the commencement of the proceedings before the justice of the peace, the controversy was within (he proper cognizance of the justice. And, on the other hand, had the .jury found these facts in his favor, the decree ought to have been made that the injunction should be perpetual, as it would have established the fact that it was .not the ease that came within the jurisdiction of the justice; and to permit snoli proceedings would be to subject the plaintiff to much trouble and costs, .and to involve his title in groundless suspicions, without any adequate remedy or redress.
Rote GG. — Warner v. Bailey, 7 T., 517; Wallace v. Hunt, 22 T., G47; City of Marshall v. Bailey, 27 T., GSG; Williams v. Warnell, 28 T., 610; Moreland v. Atchison, 34 T., 351; Robinson v. Haven-.port, 40 T., 333.
For these reasons I think the judgment of the court below ought to be reversed and the cause remanded for further proceedings in conformity with this opinion.
Judgment reversed.