WILLIAM C. HICKS' ADM'RX v. NATHANIEL BAILEY.

The law of the case, in its application to the evidence, was fully embraced in the general charge, which was as favorable to the defendant, as the evidence warranted, and this was a sufficient reason for refusing the instructions asked by the defendant.

The instructions asked were rightly refused, for the further reason, that they asked the Court to assume, and give in charge to the jury, the law upon a different state of case from that which the evidence conduced to establish.

The Court was clearly right in holding, that where goods are in fact sold and delivered to any person, the declaration of the seller, that he did not, or would not, credit that person on his own responsibility, is not sufficient to discharge from liability the person to whom the goods were so sold and delivered.

The Court rightly charged also, that the plaintiff was entitled to recover interest upon the judgment, which he was compelled to pay for the defendant, as his surety.

Where the assignment of errors is thus general, giving the defendant in error no notice of the particular error intended to be relied on for a reversal of the judgment, unless the justice of the case seem manifestly to require it, this Court will not reverse the judgment for such errors.

Upon a general assignment merely, that "if the plaintiff is entitled to recover anything, the verdict and judgment are for a much greater sum, than the pleading and evidence authorize," where the matters litigated and decided embrace such a number and variety of particulars, amounting in the aggregate to so considerable a sum, we cannot be required to inspect all the various instruments of evidence, and an account consisting of small items,

amounting in all to several hundred dollars, to see if the verdict may not include some trifling items or amount to which there was a legal defence, and which was therefore improperly allowed ; especially when the attention of the Court below does not appear to have been called to the point, and there is no cause to apprehend that any injustice was, in fact, done by the verdict, to the party complaining. To authorize a reversal of the judgment, for such an error, it should, at least, have been pointed out in the assignment of errors.

Appeal from Polk. Tried before the Hon. Peter W. Gray.

Suit by appellee against William C. Hicks, on an account for goods sold and delivered, for hire of negro, for money paid as surety, and on several small promissory notes. The defendant died before answer, and his administratrix was made a party. Answer of general denial and general plea of statute of limitations to the whole account. The general correctness of the account was proved, and the more important items were specifically proved. The defendant proved that the plaintiff had said that he had stopped crediting the intestate, in the first part of 1849, and there was an effort to prove that the goods had been furnished on the credit of Thomas Hicks ; there was no evidence of it. The Court charged the jury that a declaration by a party, that he did not or would not credit another on his own responsibility, when in fact he sold to that party on the faith of a promise to pay, by a third party, was not sufficient to discharge the party to whom the goods were sold and delivered ; and that if they found that the plaintiff had been compelled to pay money as surety for the defendant's intestate, he was entitled to recover it back, with interest, from the time of payment. The other parts of the charge are not necessary to a report of the case. The defendant asked the Court to charge the jury, that if they believed from the evidence, that the articles mentioned in plaintiff's petition, were not sold and delivered to William C. Hicks on his credit, but were delivered to him, but sold on the credit of another person, they should find for defendant. Which charge was

refused. Verdict and judgment for plaintiff for $1,531 28, the amount claimed. Motion for new trial, on the ground that the finding of the jury was contrary to the evidence ; the amount of the verdict was excessive ; verdict contrary to law ; Court erred in charge to jury, and in refusing charge asked by defendant. Motion overruled. Assignment of errors, that the Court below erred in overruling the motion for a new trial ; in the charge to the jury ; in this, that if the plaintiff is entitled to recover anything, the verdict and judgment are for a much greater sum than the pleadings or evidence authorize.

*B. C. Franklin* and *H. N. & M. M. Potter*, for appellant.

*Yoakum & Branch*, for appellee.

WHEELER, J. There is no error in the instructions given, or in refusing those asked by the defendant. The law of the case, in its application to the evidence, was fully embraced in the general charge ; which was as favorable to the defendant, as the evidence warranted : and this was a sufficient reason for refusing the instructions asked by the defendant. They were rightly refused, for the further reason, that they asked the Court to assume, and give in charge to the jury, the law upon a different state of case from that which the evidence conduced to establish.

The Court was clearly right in holding, that where goods are in fact sold and delivered to any person, the declaration of the seller, that he did not, or would not, credit that person on his own responsibility, is not sufficient to discharge from liability the person to whom the goods were so sold and delivered. That is commonly the case, where the guaranty of a third person is required. Where the promise of the third person is made at the same time with the principal contract, and becomes an essential ground of the credit given to the princi-

pal debtor, the whole is one original and entire transaction, and the consideration extends and sustains the promise of the principal debtor, and also of the guarantor. (3 Kent, Com. 122 ; Chit. on Con. 441, n.) Even if the plaintiff did seek payment of his debt of the guarantor, which was not proved, that would not release the defendant of his liability as the principal debtor.

The Court rightly charged also, that the plaintiff was entitled to recover interest upon the judgment, which he was compelled to pay for the defendant, as his surety. A surety who has thus paid the debt of his principal, will be substituted to the rights of the creditor. (2 Watts, 414 ; 1 Story's Eq. Sec. 499, et seq. and notes.) In Jordan v. Hudson's Ex's., (11 Tex. R. 82,) this Court held that a surety who has paid the debt of his principal, is entitled to be subrogated to all the rights, including rights of lien, of the creditor whose claim he has paid. (See 3 Kent, Com. 124, and cases cited in note.)

It is objected that there was no proof of one of the items in the account, which was allowed by the verdict ; that is, the item for negro hire, and that certain other items were barred by the statute of limitations. Had these objections been taken in the Court below, or had they been specified in the assignment of errors, they would have been entitled to be heard here with more favor. But it is sufficiently apparent from the record, that the plaintiff's right to recover was contested at the trial, mainly, if not solely, upon other grounds than the correctness of the account, or the items thereof, for the first time singled out as the subject of objection in argument here. As to the item of negro hire, it is not wholly unsupported by proof. The general correctness of the account, in which it was charged, was proved. The account was not strictly a mercantile or store account. It embraced other items and transactions, than charges for goods sold the defendant. The proof, doubtless, related, and was understood by the parties and the Court and jury as relating, to all the matters contained

in the account. It was doubtless well known to the defendant that the charge in question was correct; and that the witness who testified to the general correctness of the account, had competent information as to the correctness of this, as well as the other items of which it consisted ; and hence he was not cross-examined, in respect to it, nor was his attention called to it by any question or objection touching its correctness. We think the jury were well warranted by the evidence, and the course of the defence, in coming to the conclusion that the account in question was just and correct in every particular.

The discovery is now made, and it does seem, that the account was opened or commenced, and a few very small items charged, for some tobacco delivered, and money paid for the defendant, a little more than two years before the bringing of the suit. If this discovery had been made at the trial, unless explained, it would doubtless have been at once corrected ; or if it had been assigned as error, the objection might have been removed by a remittitur. But not having been noticed in the Court below, or assigned as error ; and the defendant in error having appeared in this Court only by brief, he has had no notice of the objection, and no opportunity afforded him either to explain or obviate it. Where the assignment of errors is thus general, giving the defendant in error no notice of the particular error intended to be relied on for a reversal of the judgment, unless the justice of the case seem manifestly to require it, this Court will not reverse the judgment for such errors. Upon a general assignment merely, that "if the plaintiff is entitled to recover anything, the verdict and judgment are for a much greater sum than the pleading and evidence authorize," where the matters litigated and decided embrace such a number and variety of particulars, amounting in the aggregate to so considerable a sum, we cannot be required to inspect all the various instruments of evidence, and an account consisting of small items, amounting in all to several hundred

dollars, to see if the verdict may not include some trifling item or amount, to which there was a legal defence, and which was, therefore, improperly allowed ; especially when the attention of the Court below does not appear to have been called to the point ; and there is no cause to apprehend that any injustice was, in fact, done by the verdict, to the party complaining.— To authorize a reversal of the judgment, for such an error, it should, at least, have been pointed out in the assignment of errors.

We are of opinion that there is no error in the judgment, which requires revision ; and that it be affirmed.

Judgment affirmed.