HOUSTON & T. C. R. W. CO. v. JAMES TERRY.

1. RAILWAY COMPANY, LIABILITY FOR KILLING STOCK.  A railway company
   is liable for damage resulting from injury or killing of stock by its
   train on the railway track, when the train is moving at a greater rate
   of speed than allowed by law.
2. CHARGE OF COURT.  When a charge presents a question outside of the
   case as made by the pleading, and upon which the verdict might have
   been found, a judgment based on such verdict will be reversed.

ERROR from Harris.  Tried below before the Hon. James
Masterson.

Suit to recover the value of a mare and colt alleged, the
former to have been killed, and the latter so injured as to
make it worthless, by collision with appellant's train of cars,
within the corporate limits of the city of Houston.

The petition alleged that the cars are inhibited, by an ordi-
nance of the city, from running at a greater rate of speed than
six miles an hour within the city limits; that at the time of
the injury complained of, the cars were running at a much
greater rate, and without signal of either whistle or bell; that
while so running, the engine struck the mare and colt, and the
running of the engine in this manner, and the appellant's neg-
ligence, caused the injury complained of; and that appellant's
road was not fenced.

Appellant went to trial on the general issue, when appellee
recovered judgment for one hundred and fifty dollars for the
mare and fifty dollars for the colt.  There was a motion for
new trial for error of law in the charge to the jury, and because
the verdict was contrary to the weight of evidence; which being
overruled, appellant assigns for error the law as given in the
court's charge, and that the court erred in overruling motion
for a new trial.

On the trial, appellee examined two witnesses only, who
testify to having seen the killing.  The first said he was sixty

yards or farther from the mare at the time she was struck; that she was feeding on the north side of the track, and when the train was within about twenty feet of her, she started to cross the track in front of the engine, and did not seem to be in a hurry, when the pilot caught her and threw her on the south side of the track on some car wheels and killed her. When he went to look at the mare, the colt ran.

The other witness was about the same distance from the animals, and said the mare was on the north side of the track, and when struck by the locomotive, was crossing the track seemingly in a walk; she was thrown on some car wheels on the south side, but the colt ran on ahead of the train; he saw it kick back at the train once, but don't know whether it got hurt or not.

This was all the testimony of appellee as to the killing, and the manner of killing.

Appellant, in defense, examined three eye-witnesses as to the alleged killing, the first of which was the engineer of the train. He testified he was coming in on time, blew the whistle when within a mile and a half of the depot, and then had twenty minutes within which to reach the depot in the city; that after getting within the corporate limits, he had the bell ringing until he reached the depot; that it was ringing at the time the mare was killed, and he was then running four or five miles an hour. He says he saw the mare, and she was on the south side of the track, and remained on that side; that she did not cross the track, and could not have done so without being seen by him; that she ran on the south side in advance of the engine, and did not seem much frightened until about the time the engine got nearly opposite her, when she jumped and fell on some truck wheels on the same side. He stated positively that neither the mare nor the colt was on the track ahead of him at any time, and no part of the train touched either of them.

Other witnesses testified that the animals were not touched by the train.

The court instructed the jury :

*First.* " If defendant's cars or locomotive ran against the " mare and colt, both or either—then find for plaintiff the " value of the animal killed or injured, according to the proof."

The second instruction, among other things, told the jury that, " if the evidence satisfy you that defendant's car was going " at a great rate of speed, exceeding six miles an hour, if with- " in the corporate limits of Houston, and if by reason of such " high rate of speed, the mare was killed and the colt injured; " then find for the plaintiff, *even if the mare killed herself and* " *the colt injured itself.*"

The giving of these instructions was assigned for error.

*Baker & Botts,* for appellant.

*Crank & Webb,* for appellee, contended, that if the animals were killed by the railway cars or train, the company would be liable without regard to what would generally be deemed contributory negligence on the part of the owner, citing Sher. and Red. on Neg., 456 ; they also insisted that there being evidence to sustain the verdict considered with reference to the allegations of the petition, the judgment should not be disturbed.

DEVINE, J. The assignments of error in this case are that,

*First.* " The court erred in the first paragraph of its charge, " in that it makes defendant liable for its cars striking the ani- "mals, regardless of the conduct of the animals, and in the " second paragraph, defendant is made liable, although its cars " may not have touched the animals."

*Second.* " The court erred in overruling motion for new " trial." We perceive no error in the first paragraph of the charge. The second paragraph is open to the objection that it presented a material question for the consideration of the jury, which was not raised by the pleadings in the suit. The appellee, James Terry, sued appellant in the District Court of Harris county, to recover damages for a mare killed, and colt injured, by defendant causing its engine and cars to run over

the mare and kill her, and in like manner, seriously to injure her colt. Defendant's cars and engine being run at a greater rate of speed than six miles an hour (to wit, twenty miles an hour) within an unfenced portion of corporation limits of the city of Houston, and contrary to the municipal regulations of the same; that while so running, no bell was rung nor whistle blown; that the injury was caused by the negligence and willful misconduct of defendant, and that the train while so running, not only struck said mare and colt, but forced them from the track, and threw said mare upon iron car wheels, causing the death of said mare,

There was evidence tending to prove that the colt was injured, and that the mare was killed by being thrown by the " cow-catcher " on some iron car wheels lying near the track, and that the train was running at a high rate of speed on an unfenced part of the railroad track within the corporate limits of Houston. There was also some evidence for the defendant tending to prove that the train was running at a less rate of speed than six miles an hour; that the animals were not on the track on which the train was running; that the mare was not touched or struck by the train, but was killed by reason of her jumping among the car wheels, being near the track, on the approach of the train. Under the charge of the court, the jury found for the plaintiff.

The second paragraph of the charge directed the jury to find for the plaintiff, if from the evidence they believed the train was moving at a greater rate of speed than six miles an hour within the corporation limits of Houston, and if by reason of such high rate of speed, the mare was killed, and the colt injured itself, even though " the mare killed herself, and the colt injured herself," and the animals were not touched by the " cow-catcher," or cars of defendant, provided the high rate of speed was the direct cause of the death and injury to the animals; if the jury were not so satisfied, the instruction was to find for defendant. It is not necessary to say what in our opinion would be the liability of the defendant in this suit,

if the pleadings of the plaintiff presented this question. No such question was before them. The error of the court in the charge given may be illustrated by supposing a suit brought to recover damages for injuries sustained by reason of the gross negligence and misconduct of the person driving a carriage, the petition alleging, that by reason of the unlawful driving and great speed of the horses, he was thrown down and trampled on by the horses, and run over by the carriage, and forced and thrown down by the horses and vehicle, by reason of which he sustained great injury. It will not be contended, that a charge directing the jury to find for the plaintiff, even though he might not have been touched by the horses or carriage, provided the jury believed from the evidence, that "the high speed at the time of the accident was the direct "cause of the" injury to plaintiff, even if, in his efforts to escape, the plaintiff injured himself, a proper instruction; such a charge would certainly be error. The charge presented a question for the jury outside of the case as made by the pleadings, and as such is a material error, for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.