### ROWAN GREEN v. JOHN DALLAHAN & CO.

(Case No. 475 )

1. ASSIGNMENT OF ERRORS.— See opinion for assignment of errors too general to invoke the consideration of the supreme court.
2. PLEADING.— See statement of case for a petition which sought a personal judgment and the enforcement of a lien, which, though it would have been regarded as defective on special demurrer, was good on general demurrer.
3. STATUTE OF FRAUDS.— See statement of case for an agreement between one furnishing materials and the owner of property to be improved, held not to be collateral to an agreement with the contractor, but an original agreement, and not of a character required to be in writing, by the statute of frauds.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

Suit by appellees against appellant. They alleged in their petition that they were engaged in carrying on a general lumber and house-building material business, and that one J. Paul, as their agent, was in charge of the business; that at the request of appellant, through their agent, Paul, they sold and delivered to him, between the first of June, 1873, and the first of January, 1874, a large lot of building lumber, shingles, doors, blinds, etc.,

amounting in value to four hundred and sixty-one and ten one-hundredth dollars. A bill of particulars was attached and made part of the petition. That the articles mentioned in the bill so sold and delivered to appellant were used by him in building houses, fences, etc., on original lot 1, in block 36, in the town of Columbus, appellant's residence; that they had filed their bill of particulars under oath with the clerk of the district court of Colorado county, and had given notice of their intention to claim a lien on the lot and buildings thereon, for the material furnished them. They prayed for judgment against appellant for amount of account ($461.10), with interest thereon from the first day of October, 1873, and for the enforcement of their lien, and sale of the property.

The appellant filed a general demurrer and general denial, and answered specially that he did not owe any part of said account; that he had made a written contract with one Durland to build his house and improvements, and furnish everything, and agreed to pay him therefor $1,800 in specie; that he had never agreed or promised to pay the account sued on, or any part of it; that on the 1st of January, 1874, he had a final settlement with Durland and paid him the contract price, $1,800; that his homestead is on original lot No. 1, block 36; that appellees had slandered his title to the property by illegally asserting a pretended lien thereon, and having a record made of the same, to his damage $1,000, which he pleaded in reconvention.

The case was tried before a jury, which found their verdict for plaintiff for $384 coin, and $123.20 currency, with a lien on the property. Judgment was rendered against appellant for amount of the verdict, and lien foreclosed on the lot.

The appellant assigned as error —

1st. The court erred in its rulings, as shown by bill of exceptions filed.

2d. The court erred in its charge to the jury.

3d. The court erred in overruling the motion for a new trial.

The bill of particulars giving the particular articles sold and delivered appellant by appellees, sworn to and filed for record with the clerk of the district court on the 17th of March, 1874, was read in evidence.

The witness, J. Paul, testified that Durland came to appellees' lumber yard, in his charge, and ordered bills of lumber, for the purpose of constructing the house and improvements of appellant; that he refused to let Durland have the lumber; that witness afterwards met the appellant, and told him that Durland wanted to purchase lumber, etc., from him to build his (appellant's) new house, but that he refused to let him have it unless he (appellant) would agree to pay for it. The appellant at first refused to pay for the lumber, saying that he had made a contract with Durland to build his house and furnish everything, for $1,800 specie; but when witness told him that he would not let Durland have the lumber and material unless he agreed to pay for it, the appellant told him to furnish the lumber, etc., to Durland, and that he would pay for it; and, with this understanding, witness furnished the lumber, etc., to Durland to build appellant's house, etc. The witness produced in court the books of original entries of appellees, which showed that none of the articles furnished Durland by appellees were charged to him, but that they were charged to Rowan Green; further, the witness stated that appellant got him to have the window blinds charged in the bill of particulars, manufactured at Galveston, which he did, and that he charged only the cost and freight.

Durland testified that he had ordered the lumber for appellant's house from appellees' agent, Paul, and the lumber not being furnished, he called on Paul to know the reason why, who told him he could not let it go unless he

would be sure of his pay; thereupon witness told him that he must see the appellant, and Paul said that he would. In a day or two witness received the lumber, and continued to receive it as the work progressed. Appellant testified that he never promised at any time to pay for lumber furnished Durland to build his house, and never told Paul to let Durland have lumber and material and that he would pay for it; that Durland had contracted to build his house, etc., complete for $1,800 specie; that Paul had presented him a lumber bill for $643.50 coin, in May, 1873; he refused to pay it unless Paul would obtain the written order of Durland, which Paul did. He admitted that when he finally settled with Durland in January, 1874, and paid him the contract price for building the house, he knew that the account sued on was unpaid, but he did not consider that he owed any portion of it.

*John T. Harcourt,* for appellant.

I. The facts and circumstances of this case show that the promise made by the defendant Green was collateral, and not an original promise, and therefore within the requirement of the statute of frauds. 1 Pars. on Cont., 497.

II. The judgment of the court is against the law and the evidence. The judgment is void because it does not conform to the pleadings, and is not a judgment in favor of the plaintiff. It is a judgment in favor of Josiah Paul *as agent for* John Dallahan and Milton Catlin. The language of the judgment is: "It is therefore ordered, adjudged and decreed in the court that Josiah Paul, as agent for John Dallahan & Co., do recover, etc." In the case of Morrison *v.* Hodges, 25 Tex. Sup., 176, the court says: "The words 'guardian' and 'administrator' may be treated, whenever they occur, as mere surplusage, or as merely descriptive of the person named." Applying the same rule to the present case, the words, "as agent for John Dallahan & Co.," must be regarded as surplusage and stricken out.

III. The judgment is against the law, so far as it attempts to enforce a mechanic's and builder's lien on the defendant's property. The act of November 17, 1871 (art. 7112, Pasch. Dig.), does not authorize the judgment.

*Foard & Thompson*, for appellees.

BONNER, ASSOCIATE JUSTICE.— The errors assigned in this case are —

1. The court erred in its rulings, as shown by bill of exceptions filed.

2. The court erred in its charge to the jury.

3. The court erred in overruling the motion for a new trial.

The motion for a new trial embraces the first and second grounds of error as above assigned, and also that the verdict of the jury is against the law, and that the judgment is against the law and the evidence.

It has often been decided, both before and since the present rules of this court, that a similar assignment of error to that contained in the second and third above assigned errors, is too general and indefinite to demand the consideration of the court, unless in case of manifest injustice.

Hence we do not feel called on to pass upon these two alleged errors as assigned, and particularly as they are objected to because too general. Fisk *v.* Wilson, 15 Tex., 430; Trammell *v.* McDade, 29 Tex., 362; Pearson *v.* Flanagan, 52 Tex., 266.

We shall therefore consider only the first assigned error, that the court erred in its rulings as shown by the bill of exceptions, and one other apparent of record.

The bill of exceptions is, in effect, that the court erred, first, in overruling. the general demurrer; second, in permitting witness Paul to testify in regard to the verbal agreement of defendant Green to pay for the material; it

being contended that his agreement was not an original undertaking to pay for the material, but a collateral one, to answer for the debt or default of Durland, the contractor, and as such should, under the statute of frauds, have been in writing.

1. The petition in the case sought both a personal judgment against defendant Green, and enforcement of the lien, and though as to the latter, in some particulars, it would have been defective on special demurrer, this could have been cured by amendment, and was, therefore, under our practice, good on general demurrer. Trammell v. Trammell, 20 Tex., 406; Frosh v. Swett, 2 Tex., 485; Prewitt v. Farris, 5 Tex., 370; Warner v. Bailey, 7 Tex., 517; Wooters v. R. R. Co. (decided at present term).

2. Under the testimony, the agreement of defendant Green was not collateral to that of Durland, the contractor, but an original one, and was not of that character required to be in writing by the statute of frauds. Pool v. Sandford, 52 Tex., 637.

The fact that the payments made by defendant Green were upon the orders of Durland is not inconsistent with this view, as on final settlement between Green and Durland they would be vouchers against the latter.

3. There is an error apparent of record. The judgment is rendered in favor of Josiah Paul, as agent for John Dallahan & Co. This is not warranted by the pleadings. The error, however, can be corrected by the record without injustice to the defendant Green.

The judgment is therefore reversed and reformed in this court so as to be rendered in favor of John Dallahan and Milton Catlin as partners, under the name John Dallahan & Co., they to pay the costs in and about this appeal expended, and it is accordingly so ordered.

REVERSED AND REFORMED.

[Opinion delivered February 15, 1881.]