# HOUSTON AND TEXAS CENTRAL RAILROAD CO. v. JOHN McNAMARA.

## SUPREME COURT, AUSTIN TERM, 1883.

*Railway—Defective Track—Injury to Servant.*—A brakeman cannot be charged with presumptive knowledge of misplaced rails or rotten ties.

*Same—Charge.*—A charge was properly refused which assumed the theory "that if the plaintiff by ordinary inspection might have known of the defects in the road, and failed to notify defendant of the same. and continued in the service without objection or protest, the law would presume that he assumed the risks incident to the employment and he could not recover."

*Same—Damages.*—It is only when the damages allowed are palpa-bly and manifestly excessive that the verdict will be set aside.

Appeal from Grayson county.    Opinion by Willie, C. J.

The assignments of error relied on for a reversal of the judgment below are five in number.    The first, viz :    That the court erred in its instructions to the jury.

The third, that the finding of the jury is contrary to law and contrary to and without evidence, and the fifth, that the court erred in refusing to grant a new trial upon the ground set forth in the motion for a new trial, are too general to be considered by this court.

S. C. Rule 26; Green v. Dallahan & Co., 54 Tex., 281; Railway Co. v. Shafer, Ib., 641.

The second assignment is sufficiently definite and complains of the refusal of the court to give the only instruction asked by defendants. The theory of this charge is that if the plaintiff by ordinary inspection might have known of the defects in defendants railroad track, and failed to notify defendant of the same, and continued in the service without objection or protest, the law would presume that he assumed the risk incident to the employment and he could not recover. To test the correctness of this charge, it will be necessary to consider it in reference to the proof introduced on the trial upon the point to which it applies.

The uncontradicted evidence shows that appellee was in the employment of the railroad company as a brakesman, at the time of receiving the injury which is the cause of ac-

tion in this suit. He was at the place where his duty as such employee required him to be, viz : On the top of one of the box cars of a freight train. This car together with another in front of it, was thrown from the track, the brakesman precipitated violently to the ground, his thigh being thereby broken, and he receiving other injuries of a very serious character. The accident was caused by rotten ties, which allowed the rails to spread so soon as the train struck them, and the fall of the two first cars of the train was the natural consequence.

The duty of the appellant did not require him to pass over this portion of the track on foot, and he had never gone over it except on top of the train, from which, the defect of the track could not be seen.

This evidence discloses very clearly that the appellee had no actual knowledge of the dangerous condition of the track, and that the defects were such as should reasonably have been known to the railroad company, and should have been remedied.

The master is bound to furnish suitable machinery and appliances for the safe discharge of the employees' duties, and keep them in repair. (Wood on Master and Servant, Sec. 329.)

If he fails to perform his duty in this respect, he is liable to the servant for any damages resulting from his neglect. (Ib , 344–345).

It is true that the servant in entering upon the employment assumes all its ordinary hazards, but they must be such as he actually knew or would reasonably be presumed to know. (G. H. & H. R. R. Co. v. Lempe, 1 Texas Law Reporter, 890, and G. H. & S. A. R'y. v. Drew, 1 Texas Law Reporter, 925, and T. & N. O. R. R. Co. v. Robinson, decided lately at Galveston.)

We have seen that appellant had no actual knowledge of the defects in the railroad track. Does the evidence show that he was chargeable with presumptive knowledge of them ? Such knowledge might be presumed against a servant, in reference to machinery or appliances, which his particular line of duty required him to deal with and inspect.

For instance, an engineer might be presumed to be acquainted with the patent defects of the machinery that he constantly examined and operated. A brakesman might

be charged with knowledge of the manifest deficiencies and dangers of the particular bolts, buffers or drawheads used by himself in coupling and uncoupling cars. But in neither case would the presumption extend to knowledge of misplaced rails or rotten cross-ties on the track over which their trains were run. It was no part of the business of the appellant, as is shown by the proof to pass on foot over the railroad track when the defects in it existed. His duties kept him upon the train, and without a neglect of these, or an exercise of extraordinary diligence, he could not know the condition of the iron and ties upon the entire route over which he passed.

The law requires no such extraordinary vigilance and care of servants, nor charges them with knowledge of facts which they could have known only by their exercise.

If every employee is presumed to know of defects in implements which he never sees, or is called upon to observe in the line of his duty a case will rarely be found where the master can be made liable for injury done to a servant arising from defective machinery and appliances furnished him. The principles of law which we have announced are well supported by authority.

In Hayden v. Smithfield Manufacturing Co., 29 Conn., 548, the English rule laid down by Baron Bramwell was adopted, that the employee can recover when the employer ought to have known of the defect in machinery and the employee did not know it, or had equal means of knowing it. The same principle is embraced in the decision in Flike v. Boston and Albany R. R. Co., 53 N. Y., 549; see also Noyes v. Smith, 28 Vermont, 59; Ryan v. Fowler, 24 N. Y., 410; Gibson v. Pacific R. R. Co., 46 Mo., 163.

In the latter case the company were held liable to a brakesman for defects in machinery which he was constantly using, holding that the railroad company should not carelessly and needlessly expose the brakesman to risks not necessarily resulting from his occupation, and which might have been prevented by care and prudence on the master's part.

So in Porter v. Hannibal and St. Joseph R. R. C., 71 Mo., 66, a case very similar to the present, though the means of knowledge then were much greater than here, the court held the company liable for damages caused by a defective

track. Speaking in reference to latent defects of which this is held to be one, the court says, "The master is chargeable with knowledge which he might have acquired by the exercise of due care the same as if he actually possessed it, whereas the servant has the right to assume that all necessary examinations have been made by the master, and is not required either in person or by another employed by him for the purpose to examine the machinery as to fitness and sufficiency. And to the same effect is the decision of our own court in R. R. Co. v. Dunham, 49 Texas, 181.

For the reasons above set forth, we conclude that the charge asked by appellant's counsel as applied to the proof in the case was erroneous, and the court did not err in refusing it.

The only remaining assignment of error is that the damages allowed by the jury are excessive. It is only when the damages are palpably and manifestly excessive that the verdict will be set aside by the appellate court. A large amount of discretion is necessarily left to the jury in all such cases, and the court will not reverse even if the damages allowed are much greater than the court would have given under the proof. (R. R. Co. v. Randall, 50 Texas, 254.)

The appellee underwent much mental and physical suffering in consequence of the accident. He has been permanently injured in some respects, and whilst he was at the time a stout young man, capable of doing great physical labor, he is now feeble and a sufferer constantly from the effects of the injury.

We cannot say that the damages are excessive, and the judgment is in all things affirmed.