M. AND E. KROHN v. F. W. HEYN.

No. 6525.

1. **Evidence.**—A conflict of evidence upon an issue submitted to the court trying a cause will not be considered on appeal with a view of determining the preponderance of testimony. Not the quantity of evidence, but its character and credibility should be looked to, and if there be evidence to sustain a finding by the trial judge it will not be disturbed on appeal.

2. **Allegata and Probata.** — When a recovery is sought on an express contract no recovery can be based on evidence which raises an implied obligation merely.

APPEAL from Howard. Tried below before Hon. Wm. Kennedy.

A full statement of this case would require much space, and would not tend to make more clear the opinion on the points decided.

*Cowan & Fisher* and *S. H. Cowan,* for appellants.— 1. The court, when requested to file conclusions of law and fact, should find upon every material issue in the cause that is raised by the pleadings and the evidence. Rev. Stats., art. 1333.

2. If the defendant expressly avers material facts in his answer that were omitted in plaintiff's pleadings, the omission is thereby cured. Grimes v. Hagood, 19 Texas, 246, and authorities cited; Ins. Assn. v. Miller Bros., 2 Ct. App. C. C., sec. 335; Pome. Rem. Rights, sec. 579.

3. When there is a preponderance of evidence in favor of the plaintiff, the plaintiff should have judgment for whatever sum the evidence shows him entitled to recover.

4. The court erred in rendering judgment against plaintiff, as the same is contrary to the case made by the pleadings and evidence. Grimes v. Hagood, 19 Texas, 246, and authorities; Ins. Assn. v. Miller Bros., 2 Ct. App. C. C., sec. 335; 4 Wait's Act. and Def., 469–475, and authorities cited.

*Walton, Hill & Walton* and *G. W. Walthall,* for appellee. — Where the testimony is conflicting a verdict or judgment will not be disturbed unless it is clearly against the evidence.

COLLARD, JUDGE.—There are many objections to the conclusions of

fact found by the court and its judgment. We do not think it necessary to notice all of them in detail.

It is urged by the appellant Mrs. Krohn that the court erred in finding that Mrs. Krohn had not loaned to Heyn, the defendant, the notes and money as alleged by her.

There is an irreconcilable conflict in the testimony on this point. Had the court accepted the testimony of Mrs. Krohn as true, his conclusion would doubtless have been that she had turned over the notes and the $100 in money to Heyn as a loan, and that her cause of action as alleged was fully sustained.

But there was other evidence on the part of defendant denying that any such loan was made, or that he ever became liable or agreed to pay her the amount. The court credited the testimony of defendant, resolved the conflict on his side, and we do not feel authorized in revising his conclusion. It was the duty of the court to weigh the evidence and determine its credibility. It is not the quantity of evidence, but its character and credibility that must be looked to in ascertaining a fact.

It is insisted, however, that the findings of the court do not constitute the facts which properly arise under the pleading and evidence, and that the court should have found other facts.

Plaintiff rested her case upon a verbal contract made with Heyn, a loan by her to him of the notes and the money, an acknowledgment by him of his obligation, and an agreement to pay. This was the principal issuable fact presented by her petition. Upon this issue the court decided against her. There was nothing more to do.

The facts may show that Heyn & Krohn, or Heyn alone, having possession of her notes and the money, used the same in payment of the debt of the firm, which being credited on the books of the firm to Krohn as capital stock, gave him that much more interest in the business than Heyn; that when Krohn sold to Cruikshank such excess was not conveyed, or at least not paid for; and that when Heyn afterwards bought out Cruikshank he did not pay for the same, but received the benefit and claimed and appropriated it to his own individual use, and that by such facts Heyn became obligated and a promise would be implied on his part to pay Mrs. Krohn. In other words, the facts may show that Krohn & Heyn used her property in their business, and so they would be liable to her for it, and that Heyn ultimately got the benefit of it, and that he would be liable over to his partner, Krohn. If such was the case she would not be without remedy. Yet she is not entitled to so recover in this suit. She has placed her right of recovery upon the single issue that she loaned Heyn individually the amount of the notes and money, and that he expressly agreed with her to pay the same. Her suit is not predicated upon any other ground, legal or equitable. The court found as a fact that no such contract as set up and relied on by her was ever made upon suf-

ficient evidence to authorize the conclusion. This settled the controversy. It was not necessary and it would not have been proper for the court to go out and find whether by reason of other transactions in nowise alleged by her there might not be an implied obligation to pay.

The foregoing disposes of all the assignments of error, and we conclude the judgment ought to be affirmed.

*Affirmed.*

Adopted May 20, 1890.