DAVIS et ux. v. YOUNG et al.

(Court of Civil Appeals of Texas. Dallas. June 1, 1912.)

1. TRIAL (§ 252*)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

In an action to remove a fence obstructing an alley between the respective tracts of land of plaintiff and defendant, where the evidence showed that the alley was on the land of defendant, and that defendant's grantor had opened it for his own convenience, and was insufficient to show that the city had accepted it or made any claim to the alley as a dedication, or that the public had acquired a prescriptive right therein, an instruction on the issue of dedication and rights by prescription was erroneous, not being applicable to the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

2. DEDICATION (§ 15*)—ESSENTIALS.

The opening of an alley does not work a dedication unless it was opened for the benefit of the public.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 13; Dec. Dig. § 15.*]

3. DEDICATION (§ 43*)—EVIDENCE.

Whether an alley was dedicated to public use depends on the action or nonaction of the owners of the land, so that it was erroneous to admit evidence showing that without the alley the public would be greatly inconvenienced in getting through the large block in which the alley was situated.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 83, 84; Dec. Dig. § 43.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by Minnie Turner Young and others against F. I. Davis and wife. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Looney, Clark & Leddy, of Greenville, for appellants.

RAINEY, C. J. This is a suit by appellees against appellants to compel appellants to remove a fence obstructing an alley between their respective tracts of land. We quote the following from appellees' petition: "Plaintiff would represent that prior to the year A. D. 1895, while Jennetta W. Turner, their mother, was the owner and in possession of the ground now represented and known as block No. 173, and also much more in one block, and including more than half of the alley above mentioned, and E. W. Harrison was the owner of the ground now designated as lot No. 167, and much more land in one body, the two tracts of land joining each other at said time, the said Jennetta W. Turner and E. W. Harrison opened up and threw open to the public and for their own use and convenience, and for the convenience of the public generally, the space known and designated on the official map between the two blocks and donated the same to the public use of the city of Greenville, and for people desiring to pass between the two blocks of land there at the time, being two four-acre blocks lying side by side, and adjoining each other, the same being 67.8 feet wide at the north end and 356½ varas from north to south, and for the convenience of themselves and the public generally, and to open up a street and passway through the two blocks, the said Jennetta W. Turner and E. W. Harrison each donated a part of their land to the opening up of said alley, and designated the same for public use." It was alleged that plaintiffs' mother constructed improvements with reference to said alley, and it was also alleged that the dedication of the alley to public use had been accepted by the city of Greenville, that the city had delineated the same on its official maps and caused it to be worked and kept in repair, and that the public had continu-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ously used the same. Defendant pleaded general denial and not guilty. The case was tried with a jury, resulting in a verdict and judgment for plaintiffs, and defendants bring the cause to this court by appeal.

[1] Appellant complains of the charge of the court, which is as follows: "If you believe from the evidence that, as alleged by plaintiffs in their petition, Jennetta W. Turner and E. W. Harrison, at the time mentioned, opened up said passway as claimed by plaintiffs from one street to the other, north and south, for their own private use and for the public, to be used as a public passway, and it was continuously so used, to find for plaintiffs." The plaintiffs alleged an express dedication by E. W. Harrison and Jennetta W. Turner, and that it was accepted and acted upon by the city of Greenville and the public. The evidence shows that the alley was on the land of E. W. Harrison, and that he opened it up for his own convenience. No part of it was on the land of Mrs. Turner. The evidence was insufficient to show that the city had accepted or made any claim to the alley as a dedication. Nor is the evidence sufficient to show that such use of it was made by the public as to enter into a prescriptive right as against the owner of the fee. The evidence did not support the allegations. Therefore the charge was error. Railway Co. v. Terry, 42 Tex. 451; Loving v. Dixon, 56 Tex. 75; Krohn v. Heyn, 77 Tex. 319, 14 S. W. 130.

[2] The court having given the foregoing charge, it erred in refusing the following special charge requested by defendant, viz.: "The plaintiff alleges in his petition that E. W. Harrison, while the owner of the land now owned by defendant Davis, moved his fence back and left a space for an alley on the east side of the lot, and that he did this for his own convenience and for the benefit of the public, thereby intending to dedicate the strip to public use. Unless you find from the evidence that said Harrison in fact left said strip open for the benefit of the public, there would be no dedication of said land by him for public use." Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 959; Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058.

[3] The assignment that "the court erred in permitting plaintiffs to prove that without the alley there would be great inconvenience to the public in getting through the large block in which the alley is situated, as shown by bill of exception," is well taken, for the reason stated by counsel of appellee that "the fact of dedication or not depends upon the action or nonaction of the owners of the land, and the fact that the public may have been inconvenienced without an alley there could not affect the right of the owners of the land." Waul v. Hardie, 17 Tex. 553; Railway Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808. "Where the evidence shows that a strip of land is left open for private use, in order to establish a right in the public to compel the owner to keep the strip open for public use, it must be shown that such strip has been used by the public under a claim of right, adverse to the owner and inconsistent with private ownership, for a period of at least 10 years uninterruptedly and continuously."

The evidence in this case as to the use of the alley by the public did not show such adverse use for 10 years inconsistent with appellants' right of private ownership as to authorize a verdict that the public could claim adverse use for that period. Ramthun v. Halfman, 58 Tex. 551; Worthington v. Wade, 82 Tex. 27, 17 S. W. 520; Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53.

The judgment is reversed, and the cause remanded.