UVALDE NAT. BANK v. BROOKS et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1913. On Motion for Rehearing, Jan. 21, 1914.)

1. LIMITATION OF ACTIONS (§ 46*)—CAUSE OF ACTION—ACCRUAL—TIME.

An application having been made to a bank for a loan, the money was furnished April 27, 1910, and suit was subsequently instituted against the borrowers April 26, 1912. *Held* that, since the contract was not consummated until the money was furnished, the suit was brought within two years after the cause of action accrued, and was therefore not barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 240–253; Dec. Dig. § 46.*]

2. MINES AND MINERALS (§ 104*)—CORPORATIONS—BORROWING MONEY—PERSONS LIABLE.

A mining corporation being indebted, and having no credit, and being unable to pay the same, defendants, its officers, met, and F., who was cashier of a bank, stated that the bank would let defendants have the money, if they would pay it, to which B. replied that they might as well owe such bank as another; whereupon P. stated that he would put no more money into the concern, but the others said nothing. The meeting adjourned, and a draft was drawn by P., as secretary of the corporation, and cashed by plaintiff bank, and the proceeds used in paying the debts of the company. *Held*, that the officers present at such meeting, other than P., by their silence agreed to the arrangement, and were jointly and severally liable to the bank for the loan.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 228; Dec. Dig. § 104.*]

3. FRAUDS, STATUTE OF (§ 26*)—PERFORMANCE OF AGREEMENT — TIME — ORIGINAL UNDERTAKING.

The promise of defendants was an original one, and, being capable of performance within a year, was not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 35–42½; Dec. Dig. § 26.*]

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Action by the Uvalde National Bank against R. E. Brooks and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded, and motion for rehearing overruled.

Love & Hill, L. Old, and L. E. Lanier, all of Uvalde, for appellant. A. M. John, of Houston, Martin & Martin, of Uvalde, and Geo. C. Altgelt, of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by appellant against R. E. Brooks, John Marbach, W. F. Miller, and F. J. Rheiner to recover the sum of $5,000, alleged to have been borrowed by them on or about April 27, 1910.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appellees, except Rheiner, pleaded the statute of frauds, in that the promise alleged was not in writing; denied that they borrowed the money, alleging that it was loaned to the Del Carmen Mining Company, and was used by it; and also pleaded limitation of two years. Rheiner answered that he and the other defendants borrowed the money from appellant, and that it was just, due, and unpaid. The court instructed a verdict for appellees.

[1] The money was paid by the bank on April 27, 1910; the suit was instituted on April 26, 1912. The contract was not consummated until April 27, 1910, and appellant could not have sued until on or after that date. The suit was instituted within two years after the cause of action accrued.

[2] The evidence of Rheiner shows that appellees were directors of the Del Carmen Mining Company; that the company was in debt, and it became necessary from time to time to raise money to pay its debts; that the company had no credit; and that the directors had been in the habit of raising money on their individual credit for the corporation. Rheiner swore that he loaned the money, as cashier of the Uvalde National Bank, to appellees; that he, Miller, Palfrey, Marbach, and Brooks met in Palfrey's office in San Antonio on April 25, 1910; that the mining company owed a debt to the Mexican Ore Purchasing Company of $5,000; that Brooks stated that they had to go to a local bank and pay the money; that Rheiner then stated, "The Uvalde National Bank will let you have this money, if you folks will pay it." To that statement Brooks replied, "We just as well owe the Uvalde National Bank as the Frost National Bank." Palfrey said he would not put any more money into the concern; but the others said nothing. Brooks, during the meeting mentioned, said, "Well, it looks like another case of dig." Rheiner said, "I stated in substance that the Uvalde National Bank would loan you fellows this money, if you will repay it, and Mr. Brooks replied that we had just as well go to the Uvalde National Bank as the Frost National Bank." The meeting then adjourned, a draft was drawn for $5,000 by Palfrey, as secretary of the Del Carmen Mining Company, and was paid by appellant, and was used in paying debts of the company.

It is clear from what Palfrey said that he understood that the money was to be borrowed upon the individual credit of the men present at the meeting, and he refused to enter into the arrangement. The others said nothing, but permitted the money to be loaned which they knew could not be borrowed on the credit of the mining company. They placed themselves in the position of consenting to be responsible for the money. There is a maxim of equity which might be applied in this case that "he is willing who either expressly consents or tacitly makes no opposition," as well as that other well-known maxim "that he who is silent when he should speak shall not be heard to speak when he should be silent." There was evidence that the corporation had no credit; that its directors borrowed on their individual responsibility; that Rheiner thought this loan was to be made in the same way; and that Palfrey alone refused to again be responsible. The case should have gone to the jury.

[3] The contract, as alleged and proved, is not within the purview of the statute of frauds. An agreement which may or may not be performed within a year is not within the statute. Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1008; Robb v. S. A. St. Ry. Co., 82 Tex. 392, 18 S. W. 707. The contract was not within the statute as being a promise to pay the debt of another. It was an original undertaking upon the part of appellees, if it was an undertaking. Hicks v. Bailey, 16 Tex. 229; Lemmon v. Box, 20 Tex. 329; Wallace v. Freeman, 25 Tex. Supp. 91; Green v. Dallahan, 54 Tex. 281; Muller v. Riviere, 59 Tex. 640, 46 Am. Rep. 291.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

If four persons in business together should enter a bank, and one of them should request the loan to them of money to be used by the company or corporation of which they are members, and he states that they are bound for it, the contract would be an express contract to repay the money, and the circumstances would not create an implied contract as to those who were silent. Their spokesman would be representing them, and would bind them as he was bound. The appellees in this cause, if bound at all, are bound by an express contract.

The cases of Krohn v. Heyn, 77 Tex. 319, 14 S. W. 130, and Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740, cited by appellees, have no applicability to the facts of this case. This court fully recognizes the elementary principle that the allegations and proof must correspond, and that, if an express contract is alleged, it must be proved. That is all that is held in the two cases cited.

In each of the petitions an express contract upon the part of the appellees to repay the borrowed money was alleged, and the question of limitations does not arise in the case.

The motion for rehearing is overruled.