THE GALVESTON INSURANCE CO. V. J. J. LONG.

1. POLICY OF INSURANCE—VACANCY OF PREMISES INSURED.—Suit
   was instituted upon a policy of insurance containing the clause,
   "Or if the above-mentioned premises shall be occupied or used so
   as to increase the risk, or become vacant or unoccupied, and so
   remain for more than thirty days, without notice to or consent of
   this company, in writing, * * * then and in every such case
   this policy shall be void." On the trial, there was evidence that the
   premises had become vacant, &c.: *Held*—
       1. It was error to instruct the jury, "If you believe from the
       evidence that the house was vacant or unoccupied for a period of
       thirty days before the fire, and if you further believe from the
       evidence that the risk was thereby increased, then your verdict
       should be for the defendant."
       2. Error, to refuse a charge to the effect that the vacancy for
       over thirty days, at the time of the fire, without notice to or con-
       sent of the company, defeated the right to recover, unless the
       defendant waived the condition.
2. ASSIGNMENT OF ERRORS.—See assignment held sufficient, having
   been made before the adoption of the new rules.
3. PRACTICE—TRANSCRIPT.—When, in the transcript, the statement
   of facts proper is followed by what purports to be interrogatories
   and answers not embodied in the statement of facts, such testimony
   forms no part of the record, and the cost of its insertion will be tax-
   ed against appellant.

APPEAL from Galveston. Tried below before the Hon.
William H. Stewart.

John J. Long, a resident of Dallas county, brought suit
in the District Court of Galveston county, on May 30, 1876,
against the Galveston Insurance Company, an incorporated
company having its principal office in the city of Galveston,
to recover the amount of a policy of insurance issued to him
by defendant April 20, 1872, and renewed from year to year
to April 19, 1876, to the amount of $2,000, on a dwelling-
house (described) in the city of Houston, totally destroyed
by fire on the 16th of April, 1876.

The defendant pleaded that the alleged policy was made
with specific conditions, and had ceased and determined be-

fore the date of the fire by the terms of the contract, because plaintiff, on February 23, 1876, vacated said house, and left it unocupied from that date, and for more than thirty days, without the knowledge and consent of defendant, and that it was destroyed while so vacant.

In replication and by amendment, plaintiff set out the policy of insurance, alleging it to be still in force; that proof of loss and notice had been given; that defendant had notice of the vacancy of the house, &c.

The clause in the policy avoiding it on the vacancy of the premises for thirty days without consent, &c., is set out in the opinion, as are other facts necessary.

There was a verdict, and judgment for amount sued for, for plaintiff. Defendant appealed.

*Edward T. Austin,* for appellant.

I. The policy was the contract between the parties. Its conditions could not be disregarded by the court. A waiver of conditions by subsequent acts would require evidence that such acts were done with full knowledge of all the facts. (40 Penn. St., 289; Fland. on Ins., 297, 298, 299, 513, 577; May on Ins., 249, 272, 620, 626; Wustum *v.* City Fire Ins. Co., 15 Wis., 138; Harrison *v.* Fire Ins. Co., 9 Allen, 231; Finley *v.* Leyconny Ins. Co., 6 Casey, 311; 2 Hall, (N. Y.,) 490; 4 Denio, (N. Y.,) 509; 9 Barb., (N. Y.,) 191; 30 Mo., 169; 41 Penn., 161; 42 Penn. St., 188; 4 Metc., (Ky.,) 9; 42 La., 587; 35 Md., 89.)

II. The policy contained this proposition: " If the above premises shall be occupied or so used as to increase the risk, or become vacant and unoccupied, and so remain for more than thirty days, without notice to and consent of this company, in writing, in every such case this policy shall be void."

The proofs of loss furnished and sworn to by plaintiff show that the house was vacated on February 23, 1876, and destroyed by fire April 16, 1876.

*Howard Finley*, for appellee.—The charge is correct in its application to this particular case. It submitted to the jury the issue as to the vacancy of the premises and increase of risk. It being a question of fact for the jury, the verdict will not be disturbed when essential justice has been attained. ( Miller *v.* Schmullen, 37 Tex., 233; Wright *v.* Donnell, 34 Tex., 305; Ellis *v.* Ponton, 32 Tex., 438; Cummins *v.* Rice, 19 Tex., 226; Marley *v.* McAnelly, 17 Tex., 658.)

GOULD, ASSOCIATE JUSTICE.—The policy of fire insurance on which this suit was founded contains the following clause: * * * "Or if the above-mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied, and so remain for more than thirty days, without notice to and consent of this company, in writing, * * * then and in every such case this policy shall be void." The defense was, that at the time the house insured was destroyed by fire it had been left vacant and unoccupied for more than thirty days, without notice to, or the knowledge or consent of, the company or its agents. Whether the house had so been left vacant, and whether, as alleged by plaintiff, the vacancies, if any, had been with the knowledge and assent of the company or its agents, were the issues of fact raised by the pleadings. There was evidence in regard to the vacancy entitling the defendant to have that issue fairly submitted to the jury. The charge given by the court was as follows: "If you believe from the evidence that the house was destroyed by fire before the 19th of April, 1876, and that the house was not vacant or unoccupied for a period of thirty days before the fire, and that the premium was paid, then the plaintiff would be entitled to your verdict for the proven value of the house, with interest thereon, at the rate of eight per cent. per annum, from the 9th of May, 1876, to the present time. If you believe from the evidence that the house was vacant or unoccupied for a period of thirty days before the fire, and if you further believe from the evidence

that the risk was thereby increased, then your verdict should be for the defendant." The defendant asked a charge to the effect that the vacancy for over thirty days, at the time of the fire, without notice to and consent of the company, defeated the plaintiff's right to recover, unless the defendant waived this condition. This charge was refused. The plaintiff had a verdict and judgment, and contends, in support of the judgment and the charge of the court, that the true construction of the policy is, that unless the risk was thereby increased the vacancy of the house did not defeat his right to recover,— relying on the case of Insurance Co. v. Slaughter, 12 Wallace, 404. That case turned upon the construction of a clause in the policy so different from the one under consideration, that we are unable to derive from it any light, and, for aught that the record discloses, the criticism on the use of small type in printing the condition of the policy, is not applicable to the policy in this case. But the terms of the policy in the clause cited appear to us free from ambiguity. The contract specifies distinctly that the policy is to become void if the premises shall become vacant, and remain so for more than thirty days, without notice to and consent of the company. Whether the risk would be increased by the premises becoming vacant, was not material. In the language of the Supreme Court of Wisconsin, "It is not for the courts to dispense with this agreement of the parties. Even if we could assume that the risk to the premises did not increase by their becoming vacant, still the parties have made it a condition that notice should be given the company; and this has not been done. The courts might with as much propriety attempt to release the assured from any other executory stipulation which he undertook to perform, as from this. * * * Such is the manifest agreement of the parties, and they must be bound by it." (15 Wis., p. 138.) We are clear that the court erred in charging, that unless the jury found that the risk was increased by the vacancy they could not find for defendant

by reason thereof, and that the charge asked by defendant on that subject embodied the law.

It is objected by appellant that the only assignments of error which embrace this question are too general. They are as follows: 1st. The refusal of the court to give the charges to the jury set out in the written charges asked, numbered from one to five inclusive, and made part of the record. 2d. That the court erred in the charge to the jury, the same not presenting the law on the issue before them.

These assignments, especially the second, are objectionable as too general. They were made, however, before the present rules of court took effect, and are not to be tested by those rules. We are aware of no case, however, of an assignment of errors to the refusal of charges asked, where this court has refused to consider it, if any one of the charges asked and refused was necessary to the proper presentation of the substantial issue in the case. Where the charges asked were numerous, and the justice of the case did not seem to require it, the court has not felt called upon to revise them under such an assignment. (Fisk *v.* Wilson, 15 Tex., 435.) In this case, the charge as given embodied a most material error. The defendant asked, and was refused, a charge correcting that error. The right of the defendant to a verdict was thereby made to depend upon an immaterial issue, and not upon the true issue. If not a fundamental error, it is, at all events, one so important that we cannot decline to consider it under the first assignment.

This error entitles the defendant to another trial. In his brief filed after the case was advanced, appellant has presented only his first and second assignments of error, and we do not propose to consider other questions under those indefinite assignments, or questions not presented in his brief.

Our attention has been called to the fact that in the transcript the statement of facts is followed by several sets of interrogatories and answers. These constitute no part of the record, and the additional costs growing out of their improper

insertion will be taxed against the appellant. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.