HOUSTON & T. C. R. R. Cò. v. JOHN P. SHAFER.

(Case No. 3539.)

1. PLEADING — PRACTICE.— An amendment which was filed to a pleading before the adoption of the present rules by the supreme court did not have the effect to withdraw the pleading amended, or to suppress or supplant any of its allegations, except in so far as the amendment effected that result by legal construction.

2. FACT CASE.— See statement for facts pleaded, as a basis for special damage, which were held to have been sufficiently specific.

3. ASSIGNMENT OF ERROR.— An assignment of error embracing in general terms all the charges and instructions given by the court, is too general, and will not be considered.

4. RES GESTÆ.— In a suit against a railway company for injury, which the plaintiff alleged he had received while a passenger, from the negligent and wrongful management of its train, his expressions indicating pain uttered after the alleged injury are admissible in evidence as part of the *res gestæ.* Whether his suffering was real or feigned was a question for the jury.

5. FACT CASE.— See statement of case for facts held sufficient to sustain a verdict for fifteen hundred dollars damages against a railway company, for producing a more aggravated condition of hernia than had before existed, caused by its cars running off the track, whereby plaintiff was shocked, and thus damaged.

APPEAL from Robertson. Tried below before the Hon. Spencer Ford.

Suit brought by Shafer to recover damages for personal injuries received on the defendant's railway in December, 1874, while a passenger from Bremond to Hearne, in Robertson county. The defendant filed general and special demurrers, general denial, plea of contributory negligence and plea of not guilty. Verdict and judgment was rendered for plaintiff for $1,500.

Appellant assigned as error, among other things, the following:

"The court erred in overruling the defendant's demurrer and exceptions to the plaintiff's amended petition, on the grounds stated in said exceptions."

The exceptions referred to in the above assignment of error were:

First. "Because said amended petition is uncertain and indefinite, and does not state in what manner the said hernia of plaintiff was aggravated, or in what manner said pain and suffering was increased by the acts of plaintiff's said road and cars."

Second. "The said amendment shows no cause of action against this defendant."

Above exceptions overruled and bill of exceptions reserved.

The amended petition referred to was as follows:

"That he (plaintiff), at the time of the injury complained of in his original petition, December 25, 1874, was suffering with hernia; that by reason of the insufficient and unskillful construction of said company's railway, and by reason of the negligent and unskillful manner in which said train was conducted by said company, the car upon which your petitioner was situated was thrown from the track in said Robertson county, Texas, on said 25th of December, 1874, and your petitioner so seriously injured and shocked, and said hernia so aggravated by reason thereof, as caused your petitioner great pain and anguish, and still causes petitioner great pain and anguish; that by reason of his injury as aforesaid by said company he is injured for life, wherefore he prays as in his original petition," etc.

The other assignments of error are sufficiently stated in the opinion.

The evidence and pleading relied on by appellant to maintain the objection made by it to the allowance over its objections of evidence of a femeral hernia, long after the alleged injury, is elaborately stated in the brief of appellant's counsel, and is as follows, to wit:

The plaintiff proved the existence of a femeral hernia, over defendant's objections: First. That plaintiff's plead-

ings were not sufficient to authorize that character of proof. Second. That a femeral hernia was a distinct hernia from that under which plaintiff was suffering, as claimed in his pleadings.

Plaintiff's pleading set out that at the time of the accident he was suffering from hernia which was aggravated by the shock, etc. Plaintiff, as a witness, testified that the injury on railroad occurred in December, 1874. That he had hernia since 1862, and had been wearing a truss for it. Before the accident his hernia was in only one place, the left side, high up. He called no doctor to examine him for hernia after the accident and before suit was brought.

A. C. Sugart testified that he went to clerk for Shafer in 1873, and that he had hernia ever since he first knew him. Did not know whether any doctor attended plaintiff, after the accident, for hernia. Dr. Moran examined plaintiff in June or July, 1875, for hernia, while attending court, and found three distinct hernias on left side, one femeral hernia.

Dr. Fancher testified: That inguinal hernia is of two varieties, the direct and the indirect. The inguinal hernia is where some of the abdominal vicera protrude through the inguinal canal. At sixty years of age about one person in four have hernia. Femeral hernia is very uncommon with men. The exceeding great pain that supervenes on a femeral hernia demands at once the attendance of a physician, and death would result in from thirty-six to seventy-two hours if the strangulation was not relieved.

Dr. Morrison testified: That in an old case of hernia an injury like plaintiff describes might enlarge the old opening, but it is very improbable that a new one would be produced.

At the time of trial plaintiff was fifty-eight years old.

Dr. Jones testified: That he had been engaged in practice of surgery for twenty-five years; that he had examined plaintiff twice. That on the first examination he

discovered two ruptures in the inguinal region, and did not discover a femeral rupture. That last night he examined the plaintiff again, and more carefully, and found a femeral rupture.

Dr. Morrison testified: That last court plaintiff requested him to examine him in order to testify as to injuries received on railroad. That he declined. One reason for so doing being, that he could not testify as to the injury being made by the railroad accident after such lapse of time.

Witness Strange testified: That he had known plaintiff for ten years; had hernia himself, and had talked with plaintiff about his. Heard him say when he lived in Navasota, several years ago, that he had hernia.

*Davis, Beall & Kemp,* for appellant.

I. The allegations of the amended petition do not state with sufficient certainty and particularity the nature and extent of the injuries caused by the acts of defendant to authorize the recovery of damages against the defendant. Moore *v.* Anderson, 30 Tex., 230; Sutton *v.* Page, 4 Tex., 146; 1 Chitty on Pleading, pp. 440, 458; Sedgwick on Damages, 731; Baldwin *v.* Western R. Corp., 4 Gray, 384.

II. Under the pleadings and evidence in this case, it was error for the court to charge the jury, as in the fourth instruction was done, that they might find exemplary damages. Hays *v.* H. G. N. R. R. Co., 46 Tex., 273; Ingram and Wife *v.* Linn, Adm'r, 4 Tex., 267; Milwaukee & St. Paul R. R. Co. *v.* Arms; McKeon *v.* Citizens' R. R. Co., 42 Mo., 80; Cook *v.* Ill. Central R. R. Co., 30 Iowa, 201; Moore *v.* Sanburne, 2 Mich., 519.

III. The declarations of the plaintiff after the accident relative to his injuries, not competent evidence unless a part of the *res gestœ*, since he was a competent witness under the statute. 1 Greenl. on Ev., 102; Reed *v.* New

York Central R. R. Co., 45 N. Y., 574; Illinois Central R. R. Co. v. Sutton, 42 Ill., 438.

IV. The court erred in allowing the plaintiff to prove the existence of a femeral hernia long after the railroad accident, under his pleadings and evidence in this case. Mims v. Mitchell, 1 Tex., 443; Hall v. Jackson, 3 Tex., 309; Haas v. Choussard, 17 Tex., 589; Sedgwick on Damages, 68, 116, 117, 732; Hunter v. Stewart, 47 Maine, 419; Teagarden v. Hetfield, 11 Ind., 522.

*W. H. Hamman*, for appellee.

WALKER, COMMISSIONER.— The court did not err in overruling the defendant's demurrer and exceptions to the plaintiff's amended petition. The amended petition, which was filed before the adoption of the "rules" now in force, did not have the effect to withdraw the original petition, nor to suppress or supplant any of its allegations, except so far as the amendment effected that purpose by legal construction of the matter which it introduced, directly or impliedly varying the allegations of the original petition.

This cause has been "advanced" under the "new rules;" the briefs of the counsel set forth the allegations of the amended petition, which consist of averments of certain facts stated to show special damage, viz., that at the time of the alleged injury the plaintiff was suffering from disease, which was aggravated thereby, causing him great pain continuously from that time forth, and producing an injury to him for life. The amendment assigns to this injury the same cause as that which his original petition complained of as a cause of action for general damages. The exception is, that the amended petition is uncertain and indefinite, and does not state in what manner the plaintiff's disease (hernia) was aggravated, or in what manner his pain and suffering was increased by the acts

of the appellant's road and cars.     Also, that the amendment shows no cause of action against the defendant.

The original, and amended petition, considered in their due relation to each other, show a cause of action in favor of the plaintiff against the defendant; which proposition is not controverted under this assignment of error, and it is not essential that the amended petition should contain within itself, unaided by the original petition, a complete cause of action.     The province of the amendment which was filed, was to admit proof of special damage, and its sufficiency is to be tested by determining what degree of certainty is required in a petition in an action of trespass on the case for damages, in alleging special, as distinguished from general damages.     Conceding the rule of pleading applicable to the matter here involved, to require, with us, as it does at common law, that the facts which constitute the special damage shall be stated specifically and circumstantially, as held in Sutton v. Page, 4 Tex., 142, we are of opinion that the amended petition sufficiently conforms to it.     The facts were not indefinitely stated, nor does there exist any uncertainty as to the cause of the special damage complained of, nor the effect which it produced upon the plaintiff.     It is neither necessary nor proper to set forth the evidence on which the pleader relies to sustain the facts which constitute his cause of action; and it was not a valid objection to the amended petition, that it did not "state in what manner the hernia of plaintiff was aggravated, or in what manner his pain and suffering was increased by the acts of the defendant's road and cars."     The facts were alleged by the petition, that the plaintiff was wounded and injured by the wrongful acts of the defendant; it described his then diseased condition, and it alleged that by reason of the facts under which his injuries were received, that he was seriously shocked and injured, and said hernia so aggravated by reason of those facts, as caused him great pain and

anguish, and alleged that they still cause great pain and anguish, and that he is injured for life. These facts are a distinct reply to the question as to the manner whereby the disease was aggravated, and the pain and suffering increased. The evidence of these facts consists in the circumstances in detail, if need be, to establish their existence. In view of the subject matter which the pleader set forth as the alleged special damage sustained, we think that the averments were sufficient. Wells v. Fairbanks, 5 Tex., 582; Van Alstyne v. Bertrand, 15 Tex., 177; Oliver v. Chapman, 15 Tex., 400.

The second assignment of error is, that the court erred in its charges to the jury numbers one, two, three, four, five, six and seven. The charge given by the court consisted of several divisions of the subject, and one of them, number three, is subdivided and classified numerically into four sections. The general divisions of the charge were numbered from one to five inclusive; the subdivisions of the third division or section of the charge were also numbered from one to four inclusive. The defendant asked instructions to be given, likewise numbered from one to four inclusive. The fourth one of them was given; the others refused. The court replied in a writing to an inquiry by the jury after their retirement, whether a less number than twelve concurring jurors could return a verdict, by answering it in the negative.

Whether the error assigned is intended to reach all the charges and the instructions given, or if not, which of them are aimed to be included, we cannot determine. If the assignment is intended to embrace all the charges and instructions given by the court, or certain ones of them only, in either case they will not be considered. Under the first named alternative, the proposition of law would be, in effect, that the court erred in its charge, without any indication as to which of the several propositions contained in the charge was objected to. Under such an

assignment, the court will not deem it necessary to revise the charge and instructions of the court, nor to reverse the judgment for errors in them, if such there should be, unless the justice of the case seem manifestly to require it. Hicks *v.* Bailey, 16 Tex., 233; Fisk *v.* Wilson, 15 Tex., 435. Applying this rule to this case, we shall not revise the charges which were given.

The fourth assignment complains that the court permitted a witness for the plaintiff, over the defendant's objection that it was hearsay and not a part of the *res gestæ,* to state " that the plaintiff used often to say after the accident, 'I must lie down, my rupture hurts me.'" This evidence was admissible as original evidence tending to show the bodily condition of the plaintiff at the time that he made use of the expressions of pain and suffering. Whether they were real or feigned was for the jury to determine. It was a material issue in the case whether the plaintiff's disease was increased or aggravated after the occurrence of the alleged injury, and the inquiry concerning his condition after the accident was pertinent, and the facts concerning it might be established by such evidence as was offered. As respects the incident or circumstance, of his suffering from the disease at the time referred to by the witness, it was a part of the *res gestæ;* it was not the less admissible because it was not a part of the transaction which occasioned the injury to his person on the defendant's railway. 1 Greenl. Ev., sec. 102.

The appellant assigns as error, also, that the plaintiff was permitted to prove the existence of a femeral hernia long after the railway accident, under his pleadings and evidence. It was in issue, under the pleadings, that the hernia under which the plaintiff suffered at the time of the accident, was aggravated in consequence of his injuries. It was relevant under it for him to show, by evidence, the various features and sequences that succeeded

in the nature and subsequent manifestations of his disease, and it was for the jury to determine from the evidence whether the femeral hernia referred to was associated with the original complaint, and an aggravation thereof. It was a question of science to determine the relation of the two diseases, if they were distinct, and it was competent for the plaintiff to show, if he could, whatever features of hernia were developed upon his system, which might be traceable to the injury he had sustained by the accident.

The evidence is sufficient to sustain the verdict of the jury, and it is not deemed essential to consider further the only remaining assignment, that the verdict is contrary to the law and the evidence.

We are of the opinion that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered April 11, 1881.]