ERNEST HOLLMAN v. H. & T. C. R. R. Co.

(No. 45.)

DAMAGES FOR INJURIES.

CONTRIBUTORY NEGLIGENCE.— If risk is taken voluntarily by a passenger, without fault of the company, etc., it is contributory negligence.

ASSIGNMENT OF ERRORS.— An assignment of errors which has reference to a supposed error of law in the charge of the court, if it is obnoxious to the established rule as being too vague and general in failing to point out the special ground of objection to it, will not require a critical revision of the charge unless the error is of a controlling character, plainly obvious on an inspection of the charge.

PRACTICE.— Where, upon the whole case, the verdict could not have been different under the law and evidence, the giving or refusing instructions will not necessarily work a reversal of the judgment.

APPEAL from Travis county.  Opinion by WALKER, P. J.

STATEMENT.—The appellant, Hollman, brought this suit for damages against the appellee, the Houston & Texas Central Railway Co., for serious bodily injury which was done to him by its train when attempting, as a passenger, to get on board of it. The plaintiff's petition and amended petitions rest the cause of action and right to recover upon the allegations that he was thus injured by the wilful, wrongful and careless acts of the defendant's agents and employees; that they permitted him to be thrown from the platform and steps of the car into which he attempted to

enter; that said agents and employees "carelessly and wilfully permitted said steps and platform to be so obstructed by other persons that he was unable to get securely on the same, by reason of which he was thrown and fell from the steps and platform of said car with great force and violence upon the track of the railroad belonging to defendant; that after he was so thrown upon the track of said road, and before he could get off the same, the car of the defendant ran over his body, greatly wounding, mashing and breaking both of his legs."

The defendant's answer denied specially the imputed fault, carelessness and wrong, and charged that said injury was caused by defendant's own act in attempting to enter said car and train at an improper time and place, contrary to the rules of the defendant, which were well known to the plaintiff; and that the injury occurred entirely from the carelessness and negligence of the plaintiff. Verdict and judgment for the defendant. The plaintiff appealed, and by his assignment of errors brings under review, as the principal and controlling question in the case, whether the jury were, or not, properly instructed by the court as to the law applicable to the case before them.

The appellant's assignment of errors is exceedingly general. It points out no particular instruction which was given or refused, as specially erroneous as applicable to the case, but it assigns, as generally erroneous, the refusal of the court to give the six separate, several instructions asked by the plaintiff. All the charges given are assigned as erroneous, except a single instruction asked by plaintiff, which was given. The language of that assignment is as follows: "The district court erred in each and every one of the instructions given to the jury, except the one that was asked by the plaintiff." The instruction excepted from the above general charge of erroneousness was as follows: "The plaintiff is not deemed guilty of contributory negligence if he only took such risks as a prudent man would have taken under the same circumstances."

OPINION.— A sufficiently careful consideration of the record in this case determines us to apply to the assignment of errors filed by the appellant the rule of practice laid down in Fisk v. Wilson, 15 Tex., 430, which has never since been questioned, and which has been approved, acted on and followed ever since.   Justice Wheeler in that case said: "Where the assignment of errors indicates no particular charge or ruling of the court upon instructions which is complained of, but refers in general terms to the several charges refused, and each several charge and instruction given, and on reference to them they are found to be numerous, this court will not deem it necessary to revise them, unless the right and justice of the case may seem to demand it."

An assignment of error which has reference to a supposed error of law in the charge of the court, if it is obnoxious to the above rule, as being too vague and general in failing to point out the special ground of objection to it, will not require a critical revision of the charge, unless the error is of a controlling character, plainly obvious on an inspection of the charge.   Norvell v. Phillips, 46 Tex., 176. See, also, Trammel v. McDade, 29 Tex., 362; Pearson v. Flannegan, 52 Tex., 266; Green v. Dallahan, 54 Tex., 285. The case of H. & T. C. R. R. Co. v. Shafer, 54 Tex., 647, is in point on a record almost identical with this as respects the charges given and refused, and the assignment of error in reference to them.   There the court refused to consider the error assigned and to revise the charge.   The rule was applied also in Gilleland v. Drake, p. 507, ante, and Smith and wife v. City of Dallas, p. 627, post.

As applied to the evidence before the jury, the charge given by the court contained no legal proposition that was obviously or clearly wrong, and calculated to mislead the jury to a wrong determination of the issues between the parties.   The issue in the case was whether the railroad company was liable, when a man not an employee, by

standing on the platform of the moving train, so obstructed the way as to cause plaintiff to lose his footing and fall from the train, thereby causing the injury complained of. The plaintiff's petition and his own testimony ascribes the accident to the presence and action taken on the occasion by the passenger in question, but no evidence before the jury entitled them to ascribe the consequences of the acts of that man to the defendant and render the company accountable therefor, by reason of a want of care on its part in permitting him to be where he was when plaintiff attempted to clamber into the car while in motion. If this view of the case is correct, it must follow from it that, under no charge which might properly have been given, was the plaintiff entitled to recover under the evidence. Where, upon the whole case, the verdict could not have been different under the law and evidence, the giving or refusing instructions will not necessarily work a reversal of the judgment. Sypert v. McCowan, 28 Tex., 639; Bohannan v. Haus, 26 Tex., 551; Fisk v. Wilson, *supra;* Davis v. Loftin, 6 Tex., 489. If the risk is taken voluntarily by the passenger, without fault of the company, or inducement to procure him to do so, and he is injured, and said injury is attributable to the motion and speed the cars are making, without the accident being associated with any other fault or act of the agents of the railroad company, the misfortune, in such case, even if not wholly chargeable to himself, is contributed to by his own rashness.

Judgment affirmed.