R. E. EAKIN v. HOME INSURANCE CO.

(No. 2606, Op. Book No. 4.)

APPEAL from Lamar County.    Opinion by WILLSON, J.

§ **368.** *Fire insurance; overvaluation of property; charge of court.* In a suit to recover the insurance upon a house destroyed by fire, where it was pleaded that the owner had falsely misrepresented and overestimated the value of said house at the time of taking out the policy. and the court upon this issue charged the jury: "If you believe from the evidence that the plaintiff falsely misrepresented the value of the house to defendant, and that the defendant, relying on such misrepresentations as to value, was induced to insure the same for $750, then I charge you that such misrepresentations would avoid said policy of insurance, and you will find for defendant," *held* error, and calculated to mislead. It is not every overvaluation of property by the insured that will avoid a policy of insurance. To have this effect it must be a gross and clear overvaluation, such as is or must be presumed to be known to be such by the insured, and not known to the insurer, and therefore false and fraudulent. Thus, in one case it was held that an overvaluation of one-third was immaterial [Franklin Ins. Co. v. Vaughan, 92 U. S. 516]; so in another, where the overvaluation was more than twofold, it was held to be immaterial in the absence of proof of fraud. [Cann v. Imperial Fire Ins. Co. 1 R. & C. (Nova Scotia) 240.] Such overvaluation must be "grossly enormous," or it will not have the effect to vitiate the

policy. [Miner v. Tagert, 3 Binn. (Pa.) 205.] The law will not interest itself in trifling discrepancies or insignificant differences such as may readily be accounted for by that natural tendency to overestimate which self-interest always engenders. The overestimation, in order to work a forfeiture of the right of recovery, must be a clear one; so clear that it is obvious at a glance, and cannot be accounted for upon the principle that every man is prone to put a favorable estimate upon his own. [May on Insurance, sec. 373.]

§ 369. *Overvaluation; burden of proof; charge.* Where the defense of overvaluation is set up, the court should charge the jury that the burden is upon the defendant, not only to show a gross overvaluation, but that it was intentionally and fraudulently made by the insured. An overvaluation which is the result of an honest error of judgment, or of a mistake, notwithstanding it be false, will not have the effect to vitiate the policy. [Wood on Fire Insurance, p. 429, and cases cited; also id. p. 425, sec. 220.]

§ 370. *Proof as to violation of special stipulation.* Where, for extra consideration paid, it was stipulated in the policy that the building might remain vacant for sixty days, "all openings to be kept securely closed," it was incumbent on the defendant, in order to defeat the recovery upon the ground that this provision had been violated, to prove that the plaintiff had negligently permitted the openings in the house to be and remain unclosed, and that thereby the risk of the insurer was increased and the property probably destroyed by reason of such negligence. Negligence will not be presumed, but must be proved, and the *onus* of proving it rests upon the party affirming it. This case is unlike The Galveston Ins. Co. v. Long, 51 Tex. 89, which was a question of warranty. The stipulation in this case is not a warranty, because it is not a stipulation upon penalty of forfeiture of rights under the policy, in the event of a failure to perform. [May on Ins. secs. 156, 157.]

§ 371. *Warranties.* Courts will not favor warranties by construction, but will recognize them only when they are shown to exist upon the fair interpretation and clear intendment of the words of the parties. [May on Ins. sec. 162 et seq.]

April 18, 1883.        Reversed and remanded.