EAST TEXAS FIRE INSURANCE CO. v. A. R. SMITH.

(No. 5184.)

APPEAL from Cooke County.   Opinion by WILLSON, J.

BARRETT & DOUGHERTY, counsel for appellant.

HILL & HILL, counsel for appellees.

§ **281.** *Fire insurance; stipulation as to occupancy of house in policy of, held valid; case stated.*   Appellee sued to recover of appellant $250, the amount of a policy of fire insurance upon a house.   He recovered judgment for the full amount of the policy.   The only contested issue in the case is that presented by appellant's special plea, to wit, that the policy had been forfeited because the house had become vacant, and was unoccupied at the time it was destroyed by fire.   This plea was based upon the following stipulation in the policy, to wit: "If any building herein described stands on leased ground, or be or become vacant or unoccupied for the purposes indicated in this contract, this policy shall become void unless consent in writing is indorsed by the company hereon."   It was proved that the house was insured with the understanding that it was to be occupied by a tenant, and it was so occupied at the time it was insured, and the policy expressly provides that the insurance should continue for one year, "while occupied by a tenant." *Held,* there can be no question about the binding effect of the stipulation in the policy that said policy should be void if the house should become vacant or unoccupied without the written consent of the company, etc.   [Ins. Co. v. Long, 51 Tex. 89.]

§ **282.** *Occupancy; rule as to.*   A few days before the house was burned, the tenant who occupied it at the

time it was insured, vacated it. This was twelve or fifteen days before its destruction, and the tenant moved out of it before the expiration of his lease, at the instance of appellee, to allow another person to whom appellee had rented it to take possession. Appellee had rented the house to another person and had received a portion of the rent, but this second tenant had not occupied the house at the time of the fire. The house was burned without the fault of appellee. Appellant had not consented that said house might be unoccupied. It is contended for appellee that under the stipulation in the policy a *permanent* vacancy only could defeat the policy; that a *temporary* vacancy would not work a forfeiture of the policy, and that in this case the house was only temporarily unoccupied at the time of its destruction, and was in contemplation of the parties occupied *for the purposes indicated in the contract*, that is, for the purpose of tenancy. With reference to this question a standard author thus states the rule: " A practical occupancy consistent with the purposes for which it was insured is intended, and an occupancy that measurably lessens the viligance and care that would be incident to its use for such purposes is not an occupancy within the meaning of the term as thus employed. The intent of the parties in respect to occupancy is to be gathered from the usual and ordinary use of the premises for the purposes to which they are devoted." [Wood on Fire Ins. p. 181.] It is very clear from the evidence that at the time the house was burned it was vacant and unoccupied in fact, and had been in this condition for at least twelve days. It was known to appellee that the house was vacant. He procured it to be vacated. No cause is shown why the second tenant had not occupied the house, nor is it shown that appellee applied for appellant's consent for the house to remain unoccupied. These being the facts, it cannot be held that the house was merely temporarily unoccupied, or that its vacancy was such as was reasonably within the contemplation of the parties to the con-

tract, or that was beyond the control of appellee, or without fault on his part. [Id. p. 184.] It was appellee's fault that the occupying tenant vacated the house before the expiration of his lease. Having occasioned the vacancy, it was incumbent upon appellee to use diligence to supply it, or, if he could not at once have the house occupied, he should have applied for the consent of appellant to allow the house to remain vacant for a reasonable time. He did neither of these things, and by his conduct in the premises is barred from claiming that the policy is not forfeited. It would be an unwarranted interference with the contract of the parties to hold that the policy was not forfeited. It would be a strained and unreasonable assumption that it was contemplated by the parties to this contract that appellee, by his own act, might procure the house to become vacant, and suffer it so to remain for the period of twelve days without appellant's consent, without invalidating the policy. We are not prepared even to hold that the utmost diligence on the part of appellee to have the house occupied would have prevented the forfeiture of the policy. The weight of authority seems to be that such diligence would not avoid the forfeiture. [Cook v. Ins. Co. 70 Mo. 610; Bennett v. Ins. Co. 50 Conn. 420; McClure v. Ins. Co. 90 Penn. St. 277, and cases there cited.]

April 20, 1886. Reversed and rendered for appellant.