### THE SUN FIRE OFFICE v. I. A. HODGES.

(No. 4095.)

APPEAL from Johnson County. Opinion by WILL-SON, J.

*(Transferred from Austin.)*

S. C. McCORMICK and CRANE & RAMSEY, counsel for appellant.

DAVIS & PLUMMER and W. H. SKELTON, counsel for appellee.

§ 268. *Fire insurance; stipulation in contract of, held valid; case stated.* Appellant issued to appellee a policy of fire insurance on three frame houses, numbered 1, 2 and 3. The insurance on No. 3 was $375. The contract, among other stipulations, contained the following, viz.: If *any* building insured by the policy become vacant or unoccupied for the purpose indicated in the contract, this policy shall be void unless consent in writing should be indorsed on the policy by the company." House No. 3 was destroyed by fire, and this suit was brought by appellee to recover said insurance. The principal defense was, that said house at the time it was destroyed was unoccupied, and that the company had not consented to its being unoccupied. Appellee recovered judgment for the amount sued for and costs. *Held:* The said stipulation in the contract is a valid one and is a part of said contract. [Ins. Co. v. Long, 51 Tex. 89; Ins. Co. v. Jacobs, 56 Tex. 366; First Nat. Bank v. Ins. Co. 62 Tex. 461.] There is some conflict in the evidence as to whether

the house was occupied at the time of the contract of insurance, but the preponderance of the evidence is that it was occupied at that time. At the time of its destruction, and for some time prior thereto, the evidence clearly establishes that it was unoccupied. Appellant never consented in writing or otherwise that said house might be unoccupied. The acts of the company or its agent in relation to the other two houses could not affect the contract as to the house in question, because the contract was severable as to the three houses.

February 26, 1887.          Reversed and remanded.