Houston & Texas Central Railway Company v. John W. Gee.

Decided December 19, 1901.

1.—Personal Injuries—Evidence—Damages—Earning Capacity.

In an action for personal injuries evidence that plaintiff had been superintendent of a farm some five years before, at a salary of $700 per year, and that such positions usually paid $700 to $900, was inadmissible, as being too remote, where it was not shown that plaintiff had in view or prospect such a position on leaving the one he then held, paying $35 per month, and which he would lose at the end of that month.

2.—Trial—Reading Decisions to Jury—Argument of Counsel.

In an action of damages for personal injuries it was reversible error for the court to allow counsel for plaintiff, over objection, to read to the court on the trial and in the hearing of the jury, cases not bearing on any question of law involved in the trial, but very similar to the one at bar as to the circumstances of the accident and the character of the injury, and afterwards to comment to the jury on the fact that in the case involving like circumstances the plaintiff was held on appeal to have been without negligence, and in the one presenting similar injuries a verdict allowing substantial damages had been approved.

Appeal from Brazos. Tried below before Hon. J. C. Scott.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellant.

*Sam R. Henderson, V. B. Hudson,* and *Lamar Bethea,* for appellee.

GILL, Associate Justice.—This suit was brought by appellee to recover damages for personal injuries alleged to have been sustained by him as a result of the negligence of appellant. The answer of appellant, after a general denial, presented the defense of contributory negligence. A jury trial resulted in a verdict and judgment in favor of appellee for $1000, and the cause is before us for revision on the appeal of the railroad company.

Appellee was the only witness who testified to the circumstances of the alleged accident, and according to his testimony it occurred substantially as follows: A little after dark on the day of the accident he had started to the postoffice in the town of Bryan, and in going it was necessary for him to cross appellant's track at a street crossing. Just as he got to the track one of appellant's freight trains was passing, and he stopped and stood within a few feet of it, intending to cross when it passed. While so doing he was looking toward the engine, which had passed the point where he was, his attention being attracted to the sparks which were being emitted. He turned his head to look toward the rear of the passing train and at that instant, and before he could do more than assume a stooping posture, he was struck by a piece of timber projecting from a loaded flat car, whereby he was knocked down and rendered unconscious for a few minutes. The injuries he claimed to have sustained consisted of bruises on the hip, back, and head, and a rupture in the groin. He had prior thereto sustained a rupture in the other

groin and was then wearing a single truss.    He claimed to have been confined to his bed for about three weeks, to have suffered much pain, and as a result of the rupture was partially disabled from work.

The evidence was conflicting as to whether any piece of timber was extending from the side of the car, and also presented the issue of contributory negligence on his part in standing too near the train without keeping a lookout toward the rear end of the train.    In view of the result of this appeal we deem it unnecessary to set out the facts more fully, and we will notice only two of the several assignments of error.    By the third assignment appellant complains of the action of the trial court in permitting plaintiff to testify that about five years prior to the injury he was superintendent of a farm at a salary of $700 per year, and that such positions paid from $700 to $900 per year.    At the date of the injury and trial appellee was keeper of the jail, and had been for five years, at a salary of $35 per month.    It was shown that he would lose that position at the end of the month in which the trial occurred, and it was proper to hear testimony as to what work plaintiff was fitted for and the extent to which he was disabled to perform the work for which he was fitted.    But since it was not shown that he had in view or prospect any such position after his discharge as keeper of the jail, we think the fact that he held such a position five years before was too remote to properly affect the amount of his damages in this case.    Bonnett v. Railway, 89 Texas, 72.

Appellant also complains because the trial court, over objection duly urged, permitted appellee's counsel, after argument began, to read to the court in the presence and hearing of the jury the opinions in the cases of Railway v. Davis, 58 Southwestern Reporter, page 698, and Railway v. Shafer, 54 Texas, 641.    The bill of exception reserved to this action is very full and discloses the following: When the evidence was closed and appellee's counsel was about to begin his opening argument to the jury, he stated to the court that the law applicable to the case was so plain and simple he did not deem it necessary to make any suggestions or present authorities, but he wished to present before the court and jury the Kentucky case of Railway v. Davis, supra, the facts of which were similar to those in the case before the court.    Appellant objected to the reading of the case to the jury, or before the court in the presence of the jury, on the ground that it would tend to improperly influence them, and could not lawfully constitute a part of his argument to the jury.    The court stated that counsel would not be permitted to read the case to the jury, but he would allow him to read it to the court, which was accordingly done.    The case so read in the hearing of the jury had no bearing on the duty of the court in charging the jury, but the facts of the case as stated in the opinion showed that a boy, while standing near a passing train and looking toward the engine, was caught around the neck by an overhanging piece of iron swinging from one of the moving cars and was injured.    The court approved the verdict of the jury that the boy was not negligent in so standing, and affirmed the judgment for

$10,000. Counsel, after reading the case to the court in the presence and hearing of the jury, thereafter in argument to the jury referred to the case and called their attention to the fact that an appellate court had held that the boy who had acted much as appellee had, was without negligence and ought to recover. Thereafter and during the course of his argument counsel turned to the court and stated that he wished now to read the case of Railway v. Shafer, supra, which, over like objection from appellant, was permitted, and the case was read to the judge in the presence and hearing of the jury. In the Shafer case the opinion disclosed that the accident for which Shafer sued had greatly aggravated an old hernia or rupture with which he had theretofore been suffering,. and a verdict for $1500 was approved by the Supreme Court. After reading the case counsel proceeded to comment on it before the jury, and referred to the fact that in that case, in which the injury was in the main similar to this, the Supreme Court had approved a $1500 verdict.. To all this and to the remarks of counsel to the jury appellant duly reserved his exceptions. The bill comes to us without qualification, and so far as appears the jury were not advised by the court to disregard either the remarks of counsel or the cases read.

Counsel for appellee seek to meet the assignment not by justifying the course as correct, but by insisting that it was harmless error, and that it is not such a case as would authorize this court to revise the discretion exercised by the trial court. In support of this contention they cite the case of Railway v. Lamothe, 76 Texas, 219. That case, it is true, announces in a general way the rule for which they contend, but in our opinion is against them when applied to the facts before us. In the case cited counsel, in his opening argument to the court on questions of law, read in the presence of the jury two cases, one showing a verdict for $10,000 and the other for $15,000 against railroad companies. The court, speaking through Justice Henry, in disposing of the question said:. "We think it must be largely left for trial judges to determine for themselves what authorities and how much of each may be read to them. If in any case it is apparent that the purpose is to influence the jury rather than to inform the judge, the attempt should be promptly rebuked when it occurs. * * * We think, however, that before any case should be reversed for that reason, a clear instance of an abuse of the rule ought. to be presented, as well as strong ground to believe that the verdict may have been improperly influenced by the course pursued. We do not think the record before us presents such a case."

In the case cited counsel was apparently seeking to inform the court on matters of law then under discussion, and incidentally read the part of the opinion stating the amount of the verdict. There was no apparent purpose to influence the jury, and no reference to the cases in subsequent argument. In the case before us counsel for appellee conceded that he did not deem it necessary to enlighten the court on any question of law involved in the trial. No question was made as to the sufficiency of the facts to authorize the court to submit the cause to the jury. The cases.

read could be useful to the court only on motion for new trial. The sufficiency of the facts to authorize a verdict and the amount of damages to which appellee was entitled were questions with which the trial court at that stage of the proceedings had nothing to do. The law forbade him to comment on the weight of the evidence, and had he done so, his conduct would have resulted in a reversal of the judgment. Yet counsel for appellee, by reading the cases in the presence of the jury, injected into their minds forceful comments from high courts on the weight and sufficiency of like evidence. This was emphasized by subsequent argument in which the jury's attention was especially called to the force of the cases as bearing on the matter in hand. That the cases were read for the benefit of the jury and not the court plainly and unmistakably appears, and counsel went unrebuked when he called the cases to the attention of the jury and sought thereby to influence their conclusion. Of all the cases in the books we can imagine no two more dangerous to appellant's rights, or which could with less propriety have been read in their hearing. The striking similarity of the facts in the one case and the injuries in the other to the present case, taken together with the comments of the appellate courts thereon, rendered them peculiarly hurtful.

There are two means of deterring counsel from indulging in this harmful impropriety. One is the power of the trial court promptly exercised. When the trial court fails, it becomes the duty of appellate courts to administer the remedy in every proper case by a reversal of the judgment thus obtained. In Railway v. Wood, 85 Texas, 593, the Supreme Court, speaking through Chief Justice Gaines, condemns the practice, and among other forceful utterances on the subject uses the following language: "It was the duty of the jury to assess the damages of the plaintiff from the evidence before them, and they should not be influenced by the action of other juries in giving large verdicts, or by the action of this court in sustaining such verdicts. The object of reading the opinions to the jury was doubtless to swell the damages, and it was calculated to have that effect. We are of opinion the court erred in its action, and that this error is sufficient to cause a reversal of the judgment."

In the case under consideration both the liability of the company and the amount of damages to which plaintiff might be entitled were issuable facts to be determined by the jury, and we can not say that they may not have been affected by such apt opinions as were read through the court to them. This action of the court in permitting the acts complained of was error for which the judgment should be reversed.

There is one other matter which we will notice in view of another trial. Appellant contends that the charge of the court on the measure of damages is a comment on the weight of evidence. We would not reserve on this ground, as we are of opinion the construction placed by appellant on that portion of the charge is rather strained. But, as the

charge is not perfectly clear on that point, we suggest that it be more carefully worded on another trial.

The other assignments either present no errors or only such as are not likely to happen on another trial, so we do not consider it necessary to notice them further.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*